

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600   FAX: 212.980.9291   WWW.KBRLAW.COM

JOAN M. GILBRIDE
DIRECT: 212.994.6517
JGILBRIDE@KBRLAW.COM

March 12, 2021

**VIA ECF**
Honorable Judge Edgardo Ramos
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Liz v. Foundation for a Smoke-Free World, Inc. (1:21-cv-00281-ER)

Dear Judge Ramos:

We represent Defendant, Foundation for a Smoke-Free World, Inc. (the "Foundation" or "Defendant") in the above-referenced matter. We write to request a pre-motion conference in connection with Foundation's proposed motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

At the heart of Ms. Liz's Complaint is her allegation that she was terminated from her employment at the Foundation in violation of the Taxpayer First Act, 26 U.S.C.A. § 7623(d)(1)(A) ("TFA"). She also includes two additional statutory causes of action, whistleblower retaliation, allegedly in violation of NYLL § 740 and retaliation in violation of the NPCL § 715-b. The facts alleged in the Complaint, however, do not set forth a claim pursuant to any of these statutes.

The Complaint centers around the sensationalistic allegations that Foundation was "do[ing]" the bidding of . . . the tobacco industry" and "seeking to promote vaping among teenagers" and therefore "was violating its legal requirements and obligations as a tax-exempt, non-profit organization." Complaint ¶¶ 1, 2. Even if these baseless allegations were true, they would not legally support plaintiff's claims.

The TFA provides that an employer cannot take an adverse action in reprisal for any lawful act done by the employee to:

> provide information, cause information to be provided, or otherwise assist **in an investigation** regarding underpayment of tax or any conduct **which the employee reasonably believes** constitutes a violation of the internal revenue laws or any provision of Federal law relating to tax fraud, when the information or assistance is provided to the Internal Revenue Service, the Secretary of the Treasury, the Treasury Inspector General for Tax Administration, the Comptroller General of the United States, the Department of Justice, the United States Congress, a person with supervisory authority over the

employee, or any other person working for the employer who has the authority to investigate, discover, or terminate misconduct.

26 U.S.C.A. § 7623(d)(1)(A) (emphasis added)  Plaintiff claims to be entitled to recovery pursuant to this statute, alleging that she made protected complaints to the Foundation concerning, inter alia, "false representations, violations of its non-profit/tax-exempt obligations, tax fraud, and, in particular, Defendant's fraudulent misappropriation of tax-exempt, non-profit status pursuant to IRC Section 501(c)(3)." Ex. A, ¶ 106. The clear language of the TFA, however, is unequivocal that it was enacted to protect employees who take action towards exposing a violation of the internal revenue laws or Federal law relating to tax fraud **in the context of an investigation**. The Foundation was not subject to any such proceeding and, therefore, this claim is simply a red herring.

Although the whistleblower provision of the TFA is a new statute and has not yet been interpreted by this Court, similar whistleblower protection statutes have been interpreted to protect only plaintiffs who actually were engaged in activity specifically identified (i.e. through well-pleaded allegations that connect their activities to financial fraud). Moor–Jankowski v. Bd. of Trustees of New York Univ., 1998 WL 474084 (S.D.N.Y. 1998); see also Adiram v. Catholic Guardian Services, 13-CV-6235 SLT JO, 2015 WL 5706935, at *3 (E.D.N.Y. 2015).  For example, in her decision granting a defendant's motion to dismiss claims brought pursuant to the so-called whistleblower provision of the False Claims Act, 31 U.S.C. § 3730(h)(1) ("FCA"), Judge Townes explained that "a plaintiff must demonstrate that her activities were directed at exposing a fraud upon the government."  The plaintiff "must have a "good faith basis, or objectively reasonable basis, for believing that ... she was investigating matters in support of a viable FCA case."  Id. See also Tonra v. Kadmon Holdings, Inc., 405 F.Supp. 3d 576, 586 (S.D.N.Y. 2019) (plaintiff failed to allege that he had a reasonable good faith belief that employer was violating a law when his conduct showed he was willing to wait rather than act urgently for a resolution of his concern).

Here, the Complaint does not include any allegation that plaintiff was engaged in a protected activity.  In fact, the Complaint contains only the following allegations, none of which allege any violations of tax laws or have anything to do with any investigation of any alleged violation:

¶ 53. Ms. Liz complained to the CEO about how the Foundation's proposed advertising campaign's use of Instagram influencers doing vaping tricks would promote the consumption of e-cigarettes among teenagers and adolescents. Ms. Liz made it clear that this would have a harmful impact on public health and safety, particularly among young people, and was counter to the Foundation's publicly professed non-profit mission.

¶ 59. Ms. Liz raised her concerns regarding PMI and the Foundation making these efforts in tandem to the CEO and her supervisor.

¶ 60.  Ms. Liz raised concerns to the CEO about why the Foundation was sponsoring a challenge, run by an organization that supports a children's education initiative, in connection with smoke-free challenges. This sponsorship, which seemed to target teenagers and adolescents, also appeared misdirected based on the Foundation's mission.

¶ 62.  Ms. Liz objected to what appeared to be the Foundation's attempt to further align itself and its messaging with PMI by propagating a pro-vaping message aimed at teens under the thin pretext of a "harm reduction" discussion.

¶ 68. Ms. Liz discussed her concerns about the Foundation's fraudulent activities and collusion or conflicts of interests vis-à-vis its ties with Big Tobacco corporations with her manager, Director of Scientific Communications, and the CEO.

¶ 75. Ms. Liz raised concerns because the Foundation directed her to attend a teen marketing conference, as well as a meeting with a non-profit aimed at motivating youth to make positive social changes.

The Complaint lacks any allegation that plaintiff even observed any violation of tax law, much less participated in a tax law investigation. As such, plaintiff's TFA claim should be dismissed.

Plaintiff's claims alleging violations of NYLL § 740 and NPCL § 715-b likewise fail to state a claim. NYLL Section 740 requires that plaintiff show that she reported or threatened to report her employer's activity, policy or practice "that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety." The employee's complaint must "identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provides the employer with notice of the alleged complained-of conduct." Tonra v. Kadmon Holdings, Inc., 405 F.Supp. 3d 576, 586 (S.D.N.Y. 2019). Here plaintiff's alleged "whistleblowing" did not relate to a violation of law, rule or regulation by the Foundation that poses a danger to public health or safety. Her mere disagreement with the Foundation's strategy is simply not actionable. Nor do the allegations in the Complaint, which demonstrate that she continued to work at Foundation after her alleged disagreements, and compete for a promotion, support her concocted retaliation claims.

Finally, NPCL § 715–b[1] requires nonprofits to "adopt, and oversee the implementation of, and compliance with "the whistleblower policy." Here, plaintiff failed to allege that the Foundation did not comply with the statute. As such, dismissal should be granted. Joshi v. Trustees of Columbia U. in City of New York, 17-CV-4112 (JGK), 2021 WL 236032, at *18 (S.D.N.Y. 2021).

For the reasons described above, we request that the Court schedule a pre-motion conference, or, in the alternative, grant the Foundation leave to file a motion to dismiss.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

*/s/ Joan Gilbride*

Joan M. Gilbride
cc:     All parties via ECF

---

[1] In November 2020, the Second Circuit stated that is "unsettled" whether § 715-b(a) confers a private right of action." Moon v. Moon, 2020 WL 6494697 (2d Cir. 2020). While the Second Department recently held this provision creates an implied private right of action, Ferris v. Lustgarten Found, 2020 N.Y. Slip Op. 07357 (2d Dep't 2020), the New York Court of Appeals has not addressed this issue.

KAUFMAN BORGEEST & RYAN LLP
3
7154837