

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600   FAX: 212.980.9291   WWW.KBRLAW.COM

June 7, 2021

JOAN M. GILBRIDE
DIRECT: 212.994.6517
JGILBRIDE@KBRLAW.COM

**VIA ECF**
Honorable Judge Edgardo Ramos
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Liz v. Foundation for a Smoke-Free World, Inc. (1:21-cv-00281-ER)

Dear Judge Ramos:

We represent Defendant Foundation for a Smoke-Free World, Inc. (the "Foundation" or "Defendant") in the above-referenced matter. We write to request a pre-motion conference in connection with Foundation's request to make a revised motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) in response to Plaintiff's Amended Complaint.

Defendant previously requested, and was granted, a pre-motion conference in connection with its request to file a motion to dismiss plaintiff's original Complaint. During the conference held before this Court on April 14, 2021, Your Honor offered plaintiff's counsel the opportunity to amend the Complaint. Plaintiff's counsel declined. Accordingly, Your Honor granted Defendant the opportunity to submit its motion to dismiss. Defendant timely filed its Rule 12(b)(6) motion on May 5, 2021 (the "motion").

Plaintiff's opposition to the motion to dismiss was due on or before May 26, 2021. Rather than oppose the motion Plaintiff filed an Amended Complaint. The Amended Complaint, however, wholly fails to address the legal deficiencies of the original Complaint as described in the motion. Rather, the Amended Complaint is, for the most part, a regurgitation of the deficient original Complaint, but for a few additional allegations about how the Foundation at that time had yet to conduct any research of its own (¶12), Plaintiff's alleged complaints to her supervisors (¶¶14, 68, 88-89), Foundation's corporate documents (¶¶ 37-39), a particular grant Foundation made (¶ 68); and Foundation's "recently rolled out" whistleblower policy" (¶115). These allegations, even if true, do not change the fact that the complaint still fails to state a claim and should be dismissed in its entirety.

At the heart of the Amended Complaint (as was the case with the original Complaint) is the allegation that Lourdes Liz ("Ms. Liz" or "Plaintiff") was terminated from her employment at the Foundation in violation of the Taxpayer First Act, 26 U.S.C.A. § 7623(d)(1)(A) ("TFA"). Plaintiff's Amended Complaint continues to include two purported state statutory causes of action that also were tacked on to the original complaint: whistleblower retaliation (in violation of NYLL § 740) and violation of NPCL § 715-b. The facts alleged in the Amended Complaint, like those alleged in the original Complaint, do not state a claim pursuant to any of these statutes.

Although Plaintiff's motive in delaying her submission of the Amended Complaint until after Foundation filed its motion should not go unquestioned, Defendant nonetheless requests an opportunity to submit another motion to dismiss – this one directed at the Amended Complaint.

Like the original Complaint, the Amended Complaint centers around the sensationalistic allegations that the Foundation was "do[ing]" the bidding of . . . the tobacco industry" and "seeking to promote vaping among teenagers" and therefore "was violating its legal requirements and obligations as a tax-exempt, non-profit organization." Am. Compl. ¶ 1, 2. Even if these baseless allegations were true, they would not legally support Plaintiff's claims.

First, plaintiff maintains that she is entitled to recovery pursuant to the TFA, alleging that she made protected complaints to the Foundation concerning, inter alia, "false representations, violations of its non-profit/tax-exempt obligations, tax fraud, and, in particular, Defendant's fraudulent misappropriation of tax-exempt, non-profit status pursuant to IRC Section 501(c)(3)." Am. Compl., ¶ 119. As Defendant clearly set forth in its motion to dismiss (Mot. to Dismiss, p. 8-9), the language of the TFA's anti-retaliation provision unequivocally states that it was enacted to protect employees who take action towards exposing a violation of the internal revenue laws or federal law relating to tax fraud **in the context of an investigation**. Nothing in the Amended Complaint indicates that Plaintiff made her alleged protected complaints in the context of an investigation. Accordingly, the Amended Complaint fails to state a claim under the TFA.

Further, Plaintiff once again fails to state a claim under the TFA because none of Plaintiff's alleged specific complaints during her time at the Foundation concerned violations of **tax laws**. The Amended Complaint contains the following allegations, none of which allege any violations of tax laws or have anything to do with **any investigation** of any alleged violation:

> ¶ 53-54, 60: Ms. Liz complained to the CEO that a proposed advertising campaign featuring Instagram influencers doing vaping tricks would promote the use of e-cigarettes to teenagers and adolescents. Ms. Liz complained that this would have a harmful impact on public health and safety, and was counter to the Foundation's professed non-profit mission.

> ¶ 64, 66: Ms. Liz complained to the CEO and her supervisor that PMI had published a report documenting its efforts in Malawi aimed at encouraging the diversification of crops beyond tobacco that sounded identical to the Foundation's "Agricultural Transformation Initiative." This demonstrated "collusion with the tobacco industry."

> ¶ 67-69: Ms. Liz raised concerns to the CEO about the Foundation sponsoring a "Smoke Free World Challenge" in connection with a competition run by an organization that supports a children's education initiative. This sponsorship, which seemed to target teenagers and adolescents, appeared misdirected based on the Foundation's mission.

> ¶ 72-78: Ms. Liz complained to her manager, the Director of Scientific Communications, and the COO about an email from the Foundation's president which referenced a meeting he had with Altria. The meeting and email were evidence of "coordination and collusion between the Foundation and key players in the tobacco industry."

> ¶ 84-87: Ms. Liz raised concerns because the Foundation directed her to attend a teen marketing conference, as well as a meeting with a non-profit aimed at motivating youth to make positive social changes.

> ¶ 88: Ms. Liz complained to the COO because the Foundation coordinated with PMI to send open letters to the World Health Organization ("WHO"), which was "obvious collusion."

Ms. Liz alleged that she raised these same concerns in her original Complaint, with the exception of her newly-alleged concern about the open letters to the WHO. As Defendant argued in its motion to dismiss, none of Plaintiff's alleged specific complaints during her time at the Foundation concerned actual violations of tax laws. Mot. to Dismiss, p. 9-12. The additional allegations in the Amended Complaint likewise fail to allege that Plaintiff observed a violation of tax law, much less participated in a tax law investigation. As such, Plaintiff's TFA claim should be dismissed.

Further, it is abundantly clear from the face of the Amended Complaint that Ms. Liz's alleged complaints to the Foundation primarily arose from her concerns about teenage vaping and e-cigarette use. Indeed, Ms. Liz added paragraphs to the Amended Complaint specifically discussing these health risks. Am. Compl., ¶ 56-57. No reading of the Amended Complaint could plausibly support the assertion that Ms. Liz was, in actuality, concerned about the Foundation's tax status if and when she raised her alleged complaints.

Plaintiff's claim alleging violations of NYLL § 740 likewise fails to state a claim. Section 740 creates a cause of action for an employee who suffered retaliation as a consequence of disclosing or threatening to disclose "that the employer engaged in an activity, policy, or practice that constituted an actual violation of law, rule, or regulation." Barker v. Peconic Landing at Southold, Inc., 885 F. Supp. 2d 564, 569 (E.D.N.Y. 2012). "An employee can prevail on a Section 740 claim only if he can prove an actual violation of law—a 'reasonable belief of a possible violation' will not suffice." Id. at 570 (quoting Bordell v. General Elec. Co., 88 N.Y.2d 869, 871 (1996)). Here, Ms. Liz's alleged "whistleblowing" complaints were based on her personal (and unfounded) belief that the Foundation's strategies would promote teen vaping. Accordingly, Plaintiff alleged, at most, that she "had a reasonable belief of a possible violation, but no proof of an actual violation" of law. See id. As such, Plaintiff has failed to state a claim pursuant to NYLL § 740. Plaintiff further fails to state a claim under Section 740 because her alleged subjective and baseless belief that the Foundation's policies somehow promoted teen vaping and could possibly cause some teenagers to take up vaping failed to "elevate the level of danger to public safety beyond mere speculation." Semeraro v. Woodner Co., No. 17 CIV. 8535 (ER), 2018 WL 3222542, at *7 (S.D.N.Y. July 2, 2018) (internal quotation marks omitted).

Finally, NPCL § 715–b[1] requires nonprofits to "adopt, and oversee the implementation of, and compliance with "the whistleblower policy." In the original Complaint, Plaintiff wholly failed to allege that the Foundation did not comply with the statute. In the Amended Complaint, Plaintiff alleges that "the Foundation either did not have or had only very recently rolled out a whistleblower policy." Am. Compl., ¶ 115. Such an equivocal allegation is insufficient to "nudge[] [her] claim[] across the line from conceivable to plausible." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Accordingly, plaintiff's NPCL § 715–b claim must be dismissed.

For the reasons described above, Defendant requests that the Court schedule a pre-motion conference, or, in the alternative, grant Defendant leave to file a motion to dismiss the Amended Complaint.

---

[1] In November 2020, the Second Circuit stated that is "unsettled" whether § 715-b(a) confers a private right of action." Moon v. Moon, 2020 WL 6494697 (2d Cir. 2020). While the Second Department recently held this provision creates an implied private right of action, Ferris v. Lustgarten Found, 189 A.D.3d 1002 (2d Dept. 2020), the New York Court of Appeals has not addressed this issue.

The parties are scheduled to participate in a Settlement Conference before Judge Cott on June 24. Foundation requests that the pre-motion conference (or briefing schedule) take place after that date.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

Joan M. Gilbride
cc: All parties via ECF

KAUFMAN BORGEEST & RYAN LLP

4

7364723